**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**


**TONI MILES CULUMBER**                                                          **PLAINTIFF**


**v.**                                                               **Civil No. 1:23cv219-HSO-BWR**


**MORRIS NETWORK OF
MISSISSIPPI, INC.** *doing business as*
*WXXV-TV*, **MORRIS
MULTIMEDIA, MORRIS NETWORK,
INC., JOHN DOES 1-10, and
CORPORATIONS A-Z**                                                **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANTS
MORRIS NETWORK OF MISSISSIPPI, INC., MORRIS MULTIMEDIA, AND
MORRIS NETWORK, INC.'S MOTION [5] TO DISMISS**

BEFORE THE COURT is Defendants Morris Network of Mississippi, Inc.,

doing business as WXXV-TV, Morris Multimedia, and Morris Network, Inc.'s

Motion [5] to Dismiss, seeking dismissal pursuant to Federal Rule of Civil

Procedure 12(b)(6) of all claims raised by Plaintiff Toni Miles Culumber. After due

consideration of the Motion [5], the parties' submissions, and relevant legal

authority, the Court finds that the Motion [5] should be denied.

I.  <u>BACKGROUND</u>

On August 29, 2023, pro se Plaintiff Toni Miles Culumber ("Plaintiff") filed a

Complaint [1] in this Court raising claims of employment discrimination against

Defendants Morris Network of Mississippi, Inc., doing business as WXXV-TV

("WXXV-TV"), Morris Multimedia, and Morris Network, Inc. ("Morris Network")

(collectively "Defendants"). Compl. [1] at 1-2. The Complaint [1] makes broad factual allegations arising out of four previously filed Equal Employment Opportunity Commission ("EEOC") charges Plaintiff made against Defendants.[1] *Id.* at 3.

Specifically, Plaintiff alleges that in 2015, when she was a morning news manager for WXXV-TV, she filed claims against her supervisor, Joe Sullivan, asserting sex discrimination, equal pay violations, and retaliation. Compl. [1] at 3. She subsequently filed a formal EEOC Charge against Joe Sullivan and a co-worker, Linsey Goodwin ("2015 EEOC Charge"). *Id.* Plaintiff has clarified that her claims in the Complaint [1] are not based on the 2015 EEOC Charge.[2] Mem. [9] at 2-3.

On January 27, 2020, Plaintiff filed an EEOC Charge against WXXV-TV alleging sex discrimination, equal pay violations, and retaliation "for exercising her rights before the EEOC" ("EEOC Charge 1"). Compl. [1] at 3; *see also* Ex. [5-1] at 1. Plaintiff claimed that she experienced retaliation for reporting sex discrimination in wages. Ex. [5-1] at 1. She allegedly had multiple meetings with supervisors, managers, and human resources to resolve her wage dispute, but no action was taken to resolve her employment issues, so she filed an internal grievance on December 16, 2019. *Id.* Plaintiff claimed that she was retaliated against in violation

---

[1] Defendants contend that Morris Multimedia and Morris Network were not named in the EEOC Charges. *See* Mem. [6] at 4-6.

[2] Defendants briefly assert that any allegations in the Complaint [1] arising out of the 2015 EEOC Charge are time-barred. Mem. [6] at 4. Plaintiff has clarified that her Complaint [1] is not based upon the 2015 EEOC Charge, but on her three subsequently filed EEOC Charges. Mem. [9] at 2-7. Therefore, this issue is moot, and the Court need not address the 2015 EEOC Charge.

of the Equal Pay Act of 1963 ("EPA"), 29 U.S.C. § 206(d), and Title VII of the Civil

Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq., and that "[f]emales as a

class are being discriminated against in that [they] are paid less wages for

performing the same job and subjected to different terms and conditions than [their]

[m]ale co-workers." *Id.*

On December 28, 2020, Plaintiff filed another EEOC Charge ("EEOC Charge

2") against Defendants WXXV-TV and Morris Multimedia, alleging that in August

2020 she was demoted from her position as a morning news manager to that of a

senior reporter. *Id.* at 2. She also asserted that, since filing EEOC Charge 1, she

had received lower performance evaluation ratings, her health insurance was

canceled, and her hours were reduced. *Id.* Plaintiff claimed that "[t]hese actions

were taken against [her] because of [her] age, sex, and in retaliation for filing

[EEOC Charge 1] alleging equal pay violations." *Id.*

On August 6, 2021, Plaintiff filed her final EEOC Charge ("EEOC Charge 3")

against Defendants WXXV-TV and Morris Multimedia. *Id.* at 3. EEOC Charge 3

alleged that in retaliation for filing internal complaints and previous EEOC

Charges, Plaintiff's May 28, 2021, paycheck was reduced, and she was wrongfully

terminated on May 31, 2021. *Id.* Plaintiff reiterated that all allegations previously

outlined in her past EEOC Charges remained ongoing, and that her male co-

workers did not have their pay reduced and received "flex/comp time" that was not

given to her when she requested it on the same grounds. *Id.*

3

The Complaint [1] alleges that these actions "amount to a pattern and practice of discrimination, retaliation, and harassment against Plaintiff, and should be considered in a cumulative context." *Id.* at 4. Plaintiff requests relief in the form of reinstatement or front pay, back pay, benefits, compensatory and punitive damages, legal costs incurred in bringing this action, past, present, and future medical expenses, and damages for all mental, emotional, and psychological pain, suffering, and anguish. *Id.* at 4-5.

Defendants WXXV-TV, Morris Multimedia, and Morris Network seek dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* Mot. [5]. They assert that any allegations related to the 2015 EEOC Charge are time-barred, Mem. [6] at 4, and that Plaintiff failed to exhaust her administrative remedies against Defendants Morris Multimedia and Morris Network because these two Defendants were not named in any of the EEOC Charges, *id.* at 4-6. Defendants further contend that the Complaint's [1] allegations are legally insufficient and conclusory, such that they do not properly state claims under Title VII, the ADEA, or the EPA. *Id.* at 6-8.

In her Response [8], Plaintiff clarifies that her Complaint [1] is not based on the 2015 EEOC Charge but on EEOC Charges 1, 2, and 3. Mem. [9] at 3-7. As to Defendant's exhaustion argument, she contends that Defendant Morris Multimedia was named in EEOC Charges 2 and 3, and was named throughout the EEOC investigations. *Id.* at 8-11. Plaintiff points out that the company address listed in the Administrative Law Judge Decision of the Mississippi Department of

Employment Security ("MDES") belongs to Defendants Morris Multimedia and

Morris Network, even though WXXV-TV was listed as the company. *Id.* at 11. As to

Defendants' argument that the Complaint [1] does not state any claims, Plaintiff

highlights that she is pro se and argues that the Complaint [1] is sufficient to place

Defendants on notice of her claims. *Id.* at 16-25. Plaintiff contends that she does not

need to plead specific facts, but she includes them in her Response [8] "out of an

abundance of caution[.]" *Id.* at 19. She also asserts that multiple documents relating

to her EEOC Charges, some of which she attaches as exhibits to her Response [8],

raise specific facts to support her claims. *Id.* at 16-25.

## II.  DISCUSSION

### A.    Rule 12(b)(6) standard

"To survive a motion to dismiss, a complaint must contain sufficient factual

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550

U.S. 544, 570 (2007)). Plausibility requires "more than a sheer possibility that a

defendant has acted unlawfully," and the facts alleged must be more than "merely

consistent with a defendant's liability." *Id.* (quotation omitted). A court must accept

all well-pleaded facts as true, view them in the light most favorable to the plaintiff,

and draw all reasonable inferences in the plaintiff's favor. *Johnson v. BOKF Nat'l

Ass'n*, 15 F.4th 356, 361 (5th Cir. 2021). "A motion to dismiss under 12(b)(6) 'is

viewed with disfavor and is rarely granted.'" *Turner v. Pleasant*, 663 F.3d 770, 775

(5th Cir. 2011) (quoting *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141,

147 (5th Cir. 2009)); *see also IberiaBank Corp. v. Ill. Union Ins. Co.*, 953 F.3d 339, 345 (5th Cir. 2020).

When "considering a motion to dismiss for failure to state a claim, a district court must limit itself to the contents of the pleadings, including attachments thereto." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). A district court may also rely on "any documents the pleadings mention that are central to the plaintiff's claims" when a party files such documents with its motion or response. *In re GenOn Mid-Atl. Dev., L.L.C.*, 42 F.4th 523, 546 (5th Cir. 2022) (citing *Collins*, 224 F.3d at 498-99); *Inclusive Cmtys. Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 900 (5th Cir. 2019). In the context of pro se complaints, courts "are 'required to look beyond the [plaintiff's] formal complaint and to consider as amendments to the complaint those materials subsequently filed.'" *Miguel v. McLane*, No. 22-10517, 2024 WL 747232, at *4 (5th Cir. Feb. 23, 2024) (per curiam) (quoting *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983)).

Pro se pleadings are "to be liberally construed," and "a pro se complaint, 'however inartfully pleaded,' must be held to 'less stringent standards than formal pleadings drafted by lawyers[.]'" *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). When a plaintiff who is proceeding pro se has not amended her complaint, a court is to construe a response to a dispositive motion as a motion to amend and grant it. *See Riley v. School Bd. Union Parish*, 379 F. App'x 335, 341 (5th Cir. 2010) (per curiam) ("Under our precedent, when a claim is raised for the first time in response to a summary judgment motion, the district

6

court should construe that claim as a motion to amend the complaint under Federal

Rule of Civil Procedure 15(a)."); *Debowale v. U.S. Inc.*, 1995 WL 450199, at \*2 (5th

Cir. 1995) (per curiam) ("The district court should have construed [the pro se

plaintiff's] *Bivens* claim, raised for the first time in his response to the summary

judgment motion, as a motion to amend the complaint under Fed.R.Civ.P. 15(a) and

granted it."); *Cash v. Jefferson Associates, Inc.*, 978 F.2d 217, 218 (5th Cir. 1992)

(per curiam) (reversing the grant of a motion to dismiss based on insufficient

pleading because "justice requires that we consider the appellant's response as a

leave to amend her pleading" and the response clarified the nature of the pro se

plaintiff's claim.); *Robinson v. CSL Plasma Ctr.*, No. 3:21-CV-02520-G-BH, 2022 WL

4295252, at \*2 (N.D. Tex. Aug. 25, 2022), *report and recommendation adopted*, No.

3:21-CV-2520-G-BH, 2022 WL 4295340 (N.D. Tex. Sept. 16, 2022), *appeal*

*dismissed*, No. 22-10906, 2022 WL 19730885 (5th Cir. Dec. 22, 2022) (construing a

pro se plaintiff's response, which clarified the factual allegations concerning his

claims, as a motion for leave to amend and granting it). Because Plaintiff has not

previously amended her complaint, the Court construes her Response [8] and

accompanying Memorandum [9] as a motion for leave to amend. Thus, the Court

will treat the factual allegations contained in Plaintiff's Response [8] and

Memorandum [9] as part of her Complaint [1].

B.   <u>Whether Plaintiff exhausted her administrative remedies against Defendants
     Morris Multimedia and Morris Network</u>

"Employment discrimination plaintiffs must exhaust administrative remedies

before pursuing claims in federal court." *Taylor v. Books A Million, Inc.*, 296 F.3d

376, 378-79 (5th Cir. 2002). "Exhaustion occurs when the plaintiff files a timely

charge with the EEOC and receives a statutory notice of right to sue."[3] *Id.* Title VII

and the ADEA afford plaintiffs 90 days to file a civil action after receiving such a

notice, and this limitations period is strictly construed. *Id.*; *see* 29 U.S.C. § 626(e).

Defendants do not challenge whether Plaintiff filed suit within 90 days of receiving

a right to sue from the EEOC. *See* Mem. [6] at 4-6. But they do contest whether

Plaintiff named Defendants Morris Multimedia and Morris Network in her EEOC

Charges, *see id.*, and argue that she did not properly exhaust her claims as to these

two Defendants, *see id.*

The Fifth Circuit has "recognize[d] a general rule that 'a party not named in

an EEOC charge may not be sued under Title VII.'"[4] *E.E.O.C. v. Simbaki, Ltd.*, 767

F.3d 475, 481 (5th Cir. 2014), *as revised* (Sept. 18, 2014) (quoting *Way v. Mueller*

*Brass Co.*, 840 F.2d 303, 307 (5th Cir.1988)). "When applying that general rule,

however, courts liberally construe Title VII's naming requirement so as to not

frustrate claimants with needless procedural roadblocks." *Id.* (collecting cases). For

this reason, the Fifth Circuit has recognized two exceptions to the general rule, the

---

[3] "In contrast to causes of action brought under Title VII and the ADEA, Equal Pay Act claims do not require exhaustion of administrative remedies." *Stith v. Perot Sys. Corp.*, 122 F. App'x 115, 119 (5th Cir. 2005). To the extent Defendants argue that Plaintiff's EPA claims were not administratively exhausted, such an argument is misplaced.

[4] While *Simbaki* discusses the naming requirement in the context of Title VII, its holding is equally applicable to the ADEA's naming requirement as both statutes state an action may be filed "against the respondent named in the charge[.]" 42 U.S.C. § 2000e-5(f)(1); 29 U.S.C. § 626(e); *see also Oscar Mayer & Co. v. Evans*, 441 U.S. 750, 756 (1979) (holding that parallel provisions of Title VII and the ADEA should be construed consistently); *Honeycutt v. Long*, 861 F.2d 1346, 1349 (5th Cir. 1988) ("The Supreme Court has also held that the ADEA is to be construed in accordance with Title VII.") (collecting cases); *Heckman v. TransCanada USA Servs., Inc.*, No. 3:18-CV-00375, 2021 WL 1180785, at *8 (S.D. Tex. Mar. 10, 2021), *report and recommendation adopted*, No. 3:18-CV-00375, 2021 WL 1180714 (S.D. Tex. Mar. 29, 2021) (applying *Simbaki* to both the Title VII and the ADEA naming requirement).

identity of interest exception and the actual notice exception. *Id.* at 482-84 ("[T]he

entire point of the judicially-recognized exceptions to the named-party requirement

is to permit suits to go forward where, despite the plaintiff's failure to name the

defendant in the charges, the purposes of the named-party requirement have

nonetheless been met.").

> The identity of interest test examines four factors:
>
> 1) whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC complaint;
>
> 2) whether, under the circumstances, the interests of a named [party] are so similar as the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings;
>
> 3) whether its absence from the EEOC proceedings resulted in actual prejudice to the interests of the unnamed party;
>
> 4) whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party.

*Id.* at 482 (quoting *Glus v. G.C. Murphy Co.*, 562 F.2d 880, 888 (3d Cir. 1977)). The

actual notice exception applies "if 'an unnamed party has been provided with

adequate notice of the charge, under circumstances where the party has been given

the opportunity to participate in conciliation proceedings aimed at voluntary

compliance[.]'" *Id.* (quoting *Eggleston v. Chicago Journeymen Plumbers' Loc. Union

No. 130, U. A.*, 657 F.2d 890, 905 (7th Cir. 1981)).

Here, it is uncontested that WXXV-TV was named in the EEOC Charges. *See*

Mem. [6] at 4-6. Defendant Morris Multimedia was also named in two of the EEOC

Charges. *See* Ex. [5-1] at 1-3. Defendants argue this was an error, citing WXXV-TV's response to the EEOC Charge as evidence, but they did not attach the EEOC response to the Motion [5] or otherwise place it in the record. Mem. [6] at 4 n.1; *see also* Mot. [5]. Title VII and the ADEA's exhaustion requirements state that an action may be brought "against the respondent **named** in the charge[.]" 42 U.S.C. § 2000e-5(f)(1); 29 U.S.C. § 626(e) (emphasis added). "WXXV TV (Morris Multimedia)" is the party listed in the name section of EEOC Charges 2 and 3. Ex. [5-1] at 1-3. Under the plain text of the statutes, it is irrelevant whether Morris Multimedia was mistakenly named; it was in fact named in the Charges, *see* 42 U.S.C. § 2000e-5(f)(1); 29 U.S.C. § 626(e), and holding otherwise would improperly "frustrate claimants with needless procedural roadblocks[,]"*Simbaki*, 767 F.3d at 481.

Even if Morris Multimedia was not named, Plaintiff may still be able to assert claims against both Morris Multimedia and Morris Network under one or both of the *Simbaki* exceptions. With regard to the identity of interest exception, because determining whether the exception applies is a fact-intensive inquiry, it is inappropriate for resolution at the Rule 12(b)(6) stage. *See Heckman*, 2021 WL 1180785, at *8 (collecting cases) ("Whether the identity of interest exception applies requires a more developed factual record than I have before me and is better suited for resolution at summary judgment." (quotations omitted)); *see also Truelove v. Texas Dept. of Crim. J.*, No. 4:19-CV-763, 2020 WL 11272645, at *6 (S.D. Tex. Oct. 27, 2020) (denying a motion to dismiss for failure to exhaust in part because "courts

have deferred consideration of the [identity of interest] exception until the summary judgment stage when the record is sufficiently developed").

As in *Truelove*, it is not apparent from the record that Plaintiff cannot rely on this exception, and it appears she attempts to invoke it in her Response [8]. *Truelove*, 2020 WL 11272645, at *6; Mem. [9] at 7-16. Plaintiff's Response [8], which the Court is treating as an amended pleading, highlights that the address listed on the MDES Administrative Law Judge's Decision [8-8] is Morris Network and Morris Multimedia's address in Savannah, Georgia, not WXXV-TV's, and that officers and employees of non-WXXV-TV Defendants are listed as contacts on the Charges. In essence, she appears to assert there is some identity of interest between or among Defendants. *See* Mem. [9] at 7-16. Construing the pleadings liberally and in the light most favorable to Plaintiff, this is sufficient at the Rule 12(b)(6) stage.

Turning to the actual notice exception, Plaintiff has sufficiently pled that Morris Network and Morris Multimedia were placed on actual notice by her EEOC Charges. *See* Mem. [9] at 7-16. This is because she alleges that Morris Multimedia and Morris Network's officers and employees were listed as contacts on the EEOC Charges [5-1], and because their addresses were listed on the Administrative Law Judge's Decision [8-3]. *See id.* This is sufficient at the Rule 12(b)(6) stage; whether Morris Multimedia and Morris Network were truly placed on actual notice is a question that can be better resolved after discovery. *See, e.g.*, *Truelove*, 2020 WL 11272645, at *6.

C.      Whether the Complaint [1] fails to state a claim

1.      Equal Pay Act claims

To establish a claim under the EPA, "a plaintiff must show that 'she performed work in a position requiring equal skill, effort and responsibility under similar working conditions,' and that she 'was paid less than members of the opposite sex.'" *Lindsley v. TRT Holdings, Inc.*, 984 F.3d 460, 466 (5th Cir. 2021) (quoting *Jones v. Flagship Int'l*, 793 F.2d 714, 722-23 (5th Cir. 1986)).

The Complaint [1] states that Plaintiff "was being treated less favorably and being paid less than less qualified younger males and males with less seniority[,]" and that "the male employees were given flex time and Plaintiff was not." Compl. [1] at 3. In an attachment to her Response [8], Plaintiff claims that she believes Rob Knight, Grant Chighizola, Joe Sullivan, Jaylon Morris, and Sky Spieler were similarly situated coworkers who were treated more favorably, and she alleges how they were treated more favorably. *See* Ex. [8-2] at 4. Plaintiff specifically asserts that she and Joe Sullivan shared similar work loads, and that she shouldered more responsibility, but despite this he was promoted and her pay was reduced. Mem. [9] at 23-24. On the whole, and given Plaintiff's pro se status, this is sufficient at the Rule 12(b)(6) stage.

2.      ADEA claims

To establish a prima facie discrimination claim under the ADEA, a plaintiff must show that "(1) they are within the protected class; (2) they are qualified for the position; (3) they suffered an adverse employment decision; and (4) they were

12

replaced by someone younger or treated less favorably than similarly situated

younger employees (i.e., suffered from disparate treatment because of membership

in the protected class)." *Smith v. City of Jackson, Miss.*, 351 F.3d 183, 196 (5th Cir.

2003), *aff'd on other grounds*, 544 U.S. 228 (2005); *see also Leal v. McHugh*, 731

F.3d 405, 410-11 (5th Cir. 2013) (citing *Smith* in resolving an appeal of a motion to

dismiss). Under the ADEA, the protected class includes individuals who are at least

forty years old. *Leal*, 731 F.3d at 411 (citing 29 U.S.C. §§ 631(a), 633a(a)). A plaintiff

need not establish a prima facie claim at the motion to dismiss stage, and only

needs to plead facts "on all of the ultimate elements of her claim." *Norsworthy v.*

*Houston Indep. Sch. Dist.*, 70 F.4th 332, 336 (5th Cir. 2023).

Here, Plaintiff raised an ADEA claim in EEOC Charge 2, and she states in

her Complaint [1] that she was treated less favorably than younger males. Compl.

[1] at 3. EEOC Charge 2 alleged that Plaintiff was over 40-years old, and thus

within the protected class. Ex. [5-1] at 2. Plaintiff also claimed that she was

demoted, given a lower performance evaluation, had her health insurance canceled,

and had her hours reduced "because of [her] *age*, sex, and in retaliation for filing the

EEOC Charge of Discrimination alleging equal pay violations." *Id.* (emphasis

added). She also highlighted the similarly situated individuals who were treated

more favorably than she was, despite being less qualified. *See* Ex. [8-2] at 4; Mem.

[9] at 23-25. Given her pro se status, this is sufficient to plead an ADEA claim.

3.    Title VII claims

Title VII makes it unlawful for employers "to discriminate against individuals with respect to [their] compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). To support a Title VII claim, a plaintiff must plead "'(1) an adverse employment action,' (2) taken against a plaintiff 'because of her protected status.'" *Cicalese v. Univ. of Texas Med. Branch*, 924 F.3d 762, 767 (5th Cir. 2019) (emphasis omitted) (quoting *Raj v. Louisiana State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013)).

Plaintiff's Memorandum [9] details specific allegations sufficient to state her Title VII claims. She alleges facts to support her hostile work environment claim, including that Defendants utilized a coworker's relationship with a male supervisor to "file a false internal 'Complaint'" against her, which resulted in her demotion. Mem. [9] at 19-23. Plaintiff also explains how, despite shouldering similar responsibilities as Joe Sullivan, a male coworker, he was granted a promotion while her pay was reduced, even though she was more qualified. *Id.* at 23-24; Ex. [8-2] at 4. In sum, these facts, as well as others stated the Complaint [1], EEOC Charges, and Plaintiff's Response [8] and its attachments, are sufficient to state a Title VII claim at the Rule 12(b)(6) stage.

4.    Retaliation claims

Retaliation claims under the ADEA, EPA, and Title VII are analyzed under the same framework. *Compare Lindsley*, 984 F.3d at 469-70 (stating the framework

14

for EPA and Title VII retaliation claims), *with Holtzclaw v. DSC Commc'ns Corp.*, 255 F.3d 254, 259 (5th Cir. 2001) (stating the framework for ADEA retaliation claims). Under all three statutes, a plaintiff must show that "(1) she engaged in protected activity; (2) an adverse employment action occurred; and (3) a causal link exists between the protected activity and the adverse employment action." *Lindsley*, 984 F.3d at 470 (quotations omitted). Liberally construing the allegations in her Complaint [1], Response [8], and EEOC Charges, Plaintiff has made facially plausible claims that Defendants retaliated against her for making protected complaints and filing EEOC Charges. *See* Compl. [1] at 3; Ex. [5-1] at 1-4; Mem. [9] at 16-25. Among other facts, Plaintiff asserts that she was demoted eleven days after filing an EEOC Charge, and that after she was demoted a male supervisor told other employees he had "gotten rid of the problem[.]" Mem. [9] at 22-23. Given her pro se status, this is sufficient.

## III.  CONCLUSION

Given her pro se status, and liberally construing her pleadings, Plaintiff Toni Miles Culumber has alleged sufficient facts to plausibly state her claims.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Defendants Morris Network of Mississippi, Inc., doing business as WXXV-TV, Morris Multimedia, and Morris Network, Inc.'s Motion [5] to Dismiss is **DENIED**.

**SO ORDERED**, this the 23rd day of July, 2024.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE