## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

**TONI MILES CULUMBER**                                                    **PLAINTIFF**

**v.**                                                    **Civil No. 1:23cv219-HSO-BWR**

**MORRIS NETWORK OF
MISSISSIPPI, INC.** *doing business as*
*WXXV-TV*, **MORRIS
MULTIMEDIA, MORRIS NETWORK,
INC., and MORRIS MULTIMEDIA, INC.**                      **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS MORRIS NETWORK OF MISSISSIPPI, INC., MORRIS MULTIMEDIA, MORRIS NETWORK, INC., AND MORRIS MULTIMEDIA, INC.'S MOTION [34] TO DISMISS

Defendants Morris Network of Mississippi, Inc., Morris Multimedia, Morris Network, Inc., and Morris Multimedia, Inc.'s Motion [34] to Dismiss seeks dismissal of any claims brought for the first time in Plaintiff Toni Miles Culumber's Amended Complaint [33]. The Court finds that the Motion [34] should be granted in part, to the extent it seeks dismissal of Plaintiff Toni Miles Culumber's claims of false statements under 18 U.S.C. § 1001, Due Process and Equal Rights violations under the Mississippi and United States Constitutions, defamation, false light, fraud, misrepresentation, blacklisting, violations of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq., violations of the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 et seq., and intentional infliction of emotional distress. The Motion [34] should be denied in part to the extent it seeks dismissal of any other claim.

I.  <u>BACKGROUND</u>

Proceeding pro se, on August 29, 2023, Plaintiff Toni Miles Culumber ("Plaintiff") filed a Complaint [1] in this Court raising claims of employment discrimination against Defendants Morris Network of Mississippi, Inc. ("WXXV-TV"), doing business as WXXV-TV, Morris Multimedia, and Morris Network, Inc. Compl. [1] at 1-2.  Plaintiff has since added Morris Multimedia, Inc. as a Defendant. *See* Am. Compl. [33] at 5.  The original Complaint [1] made broad factual allegations arising out of three previous Equal Employment Opportunity Commission ("EEOC") charges Plaintiff made against Defendants.  *Id.* at 3.  These EEOC Charges raised claims arising under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq., the Equal Pay Act of 1963 ("EPA"), 29 U.S.C. § 206(d), and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq.  *Id.*

The first EEOC Charge was submitted on January 27, 2020, against WXXV-TV alleging sex discrimination, equal pay violations, and retaliation for exercising her rights before the EEOC ("EEOC Charge 1").  *See* Ex. [5-1] at 1.  Plaintiff claimed that she experienced retaliation for reporting sex discrimination in wages. *Id.*  She allegedly had multiple meetings with supervisors, managers, and human resources to resolve her wage dispute, but no action was taken, so she filed an internal grievance on December 16, 2019.  *Id.*  Plaintiff asserted that she was retaliated against in violation of the EPA and Title VII, and that "[f]emales as a class are being discriminated against in that [they] are paid less wages for

2

performing the same job and subjected to different terms and conditions than [their] [m]ale co-workers." *Id.*

Plaintiff filed the second EEOC Charge ("EEOC Charge 2") on December 28, 2020, alleging that in August 2020 she was demoted from her position as a morning news manager to that of a senior reporter. *Id.* at 2. She further asserted that, since the filing of EEOC Charge 1, she had received lower performance evaluation ratings, her health insurance was canceled, and her hours were reduced. *Id.* According to Plaintiff, "[t]hese actions were taken against [her] because of [her] age, sex, and in retaliation for filing [EEOC Charge 1] alleging equal pay violations." *Id.*

On August 6, 2021, Plaintiff submitted her final EEOC Charge ("EEOC Charge 3"), claiming that in retaliation for filing internal complaints and her previous EEOC Charges, Plaintiff's May 28, 2021, paycheck was reduced, and she was wrongfully terminated on May 31, 2021. *Id.* at 3. Plaintiff reiterated that all allegations outlined in her earlier EEOC Charges remained ongoing, and that her male co-workers did not have their pay reduced and received "flex/comp time" that was not given to her when she requested it on the same grounds. *Id.*

Plaintiff amended her Complaint [33] in this case on September 30, 2024, raising the same employment discrimination claims as those in her original Complaint [1], and adding claims of false statements under 18 U.S.C. § 1001, Due Process and Equal Rights violations under the Mississippi and United States Constitutions, defamation, false light, violations of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 et seq., fraud, misrepresentation, wrongful

termination, blacklisting, violations of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq., violations of the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601 et seq., and intentional infliction of emotional distress. *See* Am. Compl. [33]. In addition to restating the facts contained in the EEOC Charges, the Amended Complaint [33] makes allegations that Defendants improperly backdated certain documents and then submitted those documents as part of their position statements in all three EEOC proceedings. *See generally id.* Plaintiff also provides more factual detail as to her discrimination claims and expands on the allegations made in her original Complaint [1]. *See generally id.* Plaintiff asserts that Defendants violated the "Company Handbook" by failing to issue an investigative outcome of her internal complaint and had one of Plaintiff's co-workers file "a bogus Complaint against the Plaintiff, which was unmerited as evidenced by the Plaintiff's submitted response." *Id.* at 13. Plaintiff further claims that a co-worker's boyfriend made threatening gestures towards her, yet Defendants took no action to prevent him from continuing to do so. *Id.* at 15.

Defendants' Motion [34] to Dismiss only seeks dismissal of claims Plaintiff added in her Amended Complaint [33].[1] *See* Mot. [34]. Defendants argue that these new claims, with the exception of her FLSA and wrongful termination claims, should be dismissed because they are time-barred, insufficiently pled, or are not

---

[1] Defendants Morris Network of Mississippi, Inc., Morris Multimedia, and Morris Network, Inc. filed the instant Motion [34] on September 30, 2024, *see* Mot. [34], which Morris Multimedia, Inc. joined on February 3, 2025, *see* Joinder [84].

ones which can be brought by a private party or against private entities.  Mem. [35] at 4-9.  Defendants make no argument as to Plaintiff's Title VII, ADEA, EPA, FLSA, and wrongful termination claims.  *See id.*

Plaintiff does not defend any of her new claims in response, and instead focuses on her Title VII, ADEA, and EPA claims.  *See* Mem. [38].  Plaintiff requests that should the Court find any deficiencies in her Amended Complaint [33], it grant her leave to amend in order to correct them.  *See id.* at 17.  In their Reply [39], Defendants point out that "Plaintiff offers absolutely no support in her Response for maintaining the additional claims that were added in her Amended Complaint[,]" Reply [39] at 1, and "makes very clear throughout the pleading that the claims she is pursuing, and intends to pursue, are those originally made in her initial Complaint: claims under Title VII, ADEA, and the Equal Pay Act[,]" *id.* at 2.  Defendants therefore request that the Court dismiss all claims except for those that appeared in the original Complaint [1].  *Id.*

## II.  DISCUSSION

### A.    Legal Standard

To survive a motion to dismiss filed pursuant to Rule 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Yumilicious Franchise, L.L.C. v. Barrie*, 819 F.3d 170, 174 (5th Cir. 2016).  A claim does not need detailed factual allegations, but must provide "more than labels and

conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "A motion to dismiss may be granted on a statute of limitations defense where it is evident from the pleadings that the action is time-barred, and the pleadings fail to raise some basis for tolling." *Bernegger v. Dep't of Revenue*, 785 F. App'x 209, 212 (5th Cir. 2019) (quotations omitted).

While a court must accept all well-pleaded facts as true and view those facts in the light most favorable to the claimant, *Varela v. Gonzales,* 773 F.3d 704, 707 (5th Cir. 2014) (citations omitted), a claimant must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). Pro se pleadings are "to be liberally construed," and "a pro se complaint, 'however inartfully pleaded,' must be held to 'less stringent standards than formal pleadings drafted by lawyers[.]'" *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). "However, regardless of whether the plaintiff is proceeding pro se or is represented by counsel, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Prescott v. UTMB Galveston Texas*, 73 F.4th 315, 318 (5th Cir. 2023) (quotations omitted).

In resolving a Rule 12(b)(6) motion to dismiss, a court "will not look beyond the face of the pleadings to determine whether relief should be granted based on the alleged facts." *United States ex rel. Jamison v. Del-Jen, Inc.*, 747 F. App'x 216, 219 (5th Cir. 2018). A court "may rely on the complaint, its proper attachments,

'documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.'" *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (quoting *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008)).

B.    <u>Plaintiff's Claims in the Amended Complaint [33]</u>

1.    <u>False Statements under 18 U.S.C. § 1001</u>

Plaintiff alleges that Defendants violated 18 U.S.C. § 1001 by making false statements, but there is no private right of action under 18 U.S.C. § 1001. *Thomas v. Abebe*, 833 F. App'x 551, 555 (5th Cir. 2020) (affirming a district court's finding that 18 U.S.C. § 1001 does not create a private right of action). Nor has Plaintiff responded to Defendants' argument regarding this claim. *See generally* Mem. [38]. Any claim asserted under 18 U.S.C. § 1001 should be dismissed.

2.    <u>Fraud and Misrepresentation</u>

"In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). "[P]leading fraud with particularity in this circuit requires time, place and contents of the false representations, as well as the identity of the person making the misrepresentation and what that person obtained thereby." *ABC Arbitrage Plaintiffs Grp. v. Tchuruk*, 291 F.3d 336, 349 (5th Cir. 2002) (alterations and quotations in original omitted). Since fraud or misrepresentation is a state-law claim, the Court looks to Mississippi law to determine whether a complaint sufficiently states a claim. *KLLM Transp.*

*Servs. v. Marsh USA, Inc.*, 450 F. App'x 406, 409 (5th Cir. 2011).  The elements of a fraud or intentional misrepresentation claim are

> (1) a representation (2) that is false (3) and material (4) that the speaker knew was false or was ignorant of the truth (5) combined with the speaker's intent that the listener act on the representation in a manner reasonably contemplated (6) combined with the listener's ignorance of the statement's falsity (7) and the listener's reliance on the statement as true (8) with a right to rely on the statement, and (9) the listener's proximate injury as a consequence.

*Id.* (citing *Moore v. Bailey*, 46 So. 3d 375, 384 (Miss. Ct. App. 2010)).  These elements "must be pled with particularity."  *Archer v. Harlow's Casino Resort & Spa*, 395 So. 3d 71, 74 (Miss. Ct. App. 2024).  As an initial matter, Plaintiff has not responded to Defendants' Motion [34] as it pertains to this claim, thereby abandoning it.  *McClelland v. Katy Indep. Sch. Dist.*, 63 F.4th 996, 1010 (5th Cir. 2023) ("This circuit's well-settled precedent instructs that a party abandons a claim by failing to defend it in response to motions to dismiss and other dispositive pleadings.").  On the merits, the Amended Complaint [33] pled that

> Defendants' submission of an alleged and backdated reduction in force email at WXXV-TV between Morris Network, Inc. d/b/a WXXV upper management and Morris Network, Inc./Morris Multimedia/Morris Multimedia, Inc. COO Bob Berry, which falsely stated the Defendants had a reduction in force, which the Defendants did not as official employment records, IRS records and other materials will lawfully show.  This was an egregious, intentional and reprehensible, ongoing act of fraud and misrepresentation that adversely affected the EEOC's ability to lawfully investigate and make a good faith, lawful decision in regards to her EEOC Complaints/Charges, as the Defendants were trying to illegally misrepresent and mitigate their damages and liability.

Am. Compl. [33] at 17-18.

The foregoing is insufficient to plead the last three elements of fraud under Mississippi law since Plaintiff alleges only that the fraud "adversely affected the EEOC's ability to lawfully investigate and make a good faith, lawful decision[,]" and does not state with particularity how she detrimentally relied upon any such misrepresentation, or how any detrimental reliance resulted in any prejudicial outcome or injury.[2] *See, e.g.*, *Archer*, 395 So. 3d at 75 ("[The plaintiff] still fails to allege with particularity how she detrimentally relied on that representation or sustained any consequent and proximate injury."); *see also Lacy v. Morrison*, 906 So. 2d 126, 130 (Miss. Ct. App. 2004) ("[N]ot every spoken untruth is actionable as a fraud.  It is only if that untruth was designed to, and did, in fact, induce the hearer to change his position in justifiable reliance on the untruth that it becomes potentially actionable." (quotations omitted)).  Plaintiff has not pled the elements of a fraud or misrepresentation claim with the requisite particularity and it should be dismissed.[3]

---

[2] Any claim of fraud based on facts alleged to have occurred during Plaintiff's employment fail for the same reason, as she has not adequately specified how she relied on any alleged fraud or how it caused injury to her.  *See generally* Am. Compl. [33].

[3] To the extent Plaintiff seeks to bring a negligent misrepresentation claim, she

> is required to show: (1) a misrepresentation or omission of a fact; (2) that the representation or omission is material or significant; (3) that the defendant failed to exercise that degree of diligence and expertise the public is entitled to expect of it; (4) that the plaintiff reasonably relied on the defendant's representations; and (5) that the plaintiff suffered damages as a direct and proximate result of his reasonable reliance.

*Johnson & Johnson, Inc. v. Fortenberry*, 234 So. 3d 381, 394 (Miss. 2017) (quotations omitted).  As with her fraud claims, Plaintiff has not alleged that she relied on any misrepresentation or identified what damages she allegedly suffered because of that reliance.  *See generally* Am. Compl. [33].

3.    <u>Defamation and False Light</u>

Defamation and false light claims are subject to a one-year statute of limitations.  *Hayne v. The Innocence Project*, No. 3:09-CV-218-KS-LRA, 2011 WL 198128, at *11-12 (S.D. Miss. Jan. 20, 2011).  The alleged facts underlying Plaintiff's defamation and false light claims all occurred during the course of her employment or relate to the position Defendants took during the initial EEOC investigation, which occurred in 2020.  *See* Am. Compl. [33] at 15-16, 18-20.  The latest any of the relevant events occurred was 2021, *see id.*, which was well over one year before Plaintiff filed her original Complaint [1] on August 29, 2023, *see* Compl. [1].  As Defendant has invoked the statute of limitations, and Plaintiff has not offered any argument to show that it has not run or that it should be tolled, these claims are time-barred and should be dismissed.

4.    <u>Blacklisting</u>

It is not clear from the Amended Complaint [33] what claim Plaintiff is attempting to plead when she uses the word "blacklisting," and she has offered no clarification in her Response [37] what type of claim this is.  *See generally* Am. Coml. [33]; Resp. [37]; Mem. [38].  To the extent Plaintiff may be seeking to plead a civil conspiracy claim under Mississippi law, she must plead that there was an agreement between two persons.  *Orr v. Morgan*, 230 So. 3d 368, 375 (Miss. Ct. App. 2017).  The only parties alleged to have acted against Plaintiff in the Amended Complaint [33] are Defendants, but they are agents or subsidiaries of one another.  *See* Corporate Disclosure Statements [16], [17], [18].  Because "[a] corporation

cannot conspire with itself any more than a private individual can, and it is the general rule that the acts of the agent are the acts of the corporation[,]" Plaintiff has not plausibly alleged the existence of any agreement between two or more distinct people. *Orr*, 230 So. 3d at 375. This claim should be dismissed.

5.      <u>Intentional Infliction of Emotional Distress</u>

"Mississippi's standard for a claim of intentional infliction of emotional distress is very high, focusing specifically on the defendant's conduct and not the plaintiff's emotional condition." *Id.* at 376 (quotations omitted). Under Mississippi law,

> [a] claim of intentional infliction of emotional distress requires that
> 1. The defendant acted willfully or wantonly towards the plaintiff by [committing certain described actions];
> 2. The defendant's acts are ones "which evoke outrage or revulsion in civilized society";
> 3. The acts were "directed at or intended to cause harm to" the plaintiff;
> 4. The plaintiff "suffered severe emotional distress as a direct result of the [acts] of the defendant; and"
> 5. "Such resulting emotional distress was foreseeable from the intentional [acts] of the defendant."

*Rainer v. Wal-Mart Associates, Inc.*, 119 So. 3d 398, 403-04 (Miss. Ct. App. 2013) (alterations in original) (quoting *J.R. ex rel. R.R. v. Malley*, 62 So. 3d 902, 906-07 (Miss. 2011)). To satisfy these elements, "the defendant's acts must be so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Brent v. Mathis*, 154 So. 3d 842, 851 (Miss. 2014) (quotations omitted).

Plaintiff's intentional infliction of emotional distress claim is based upon her contentions that Defendants made false statements and determinations in their investigative findings, and allegedly filed backdated and false documents as exhibits during the EEOC proceedings.  Am. Compl. [33] at 19.  Plaintiff has not stated facts tending to show how these actions "would evoke outrage or revulsion in a civilized society." *Reardon v. Lafayette Cnty., Mississippi*, No. 3:22-CV-50-SA-JMV, 2023 WL 4241668, at *13 (N.D. Miss. June 28, 2023).  Even if she had, the facts she has alleged are insufficient to support such a claim.  *See, e.g.*, *Orr*, 230 So. 3d at 376 (affirming the dismissal of intentional infliction of emotional distress claims where an employer signed an affidavit against an employee for petit larceny, and after employee was acquitted, she brought a claim of intentional infliction of emotional distress, asserting that the defendant made false statements to police); *Haguewood v. Gannett River States Pub. Corp.*, No. CIVA 206CV79KS-MTP, 2007 WL 1728700, at *7 (S.D. Miss. June 13, 2007) (rejecting as superfluous the plaintiff's attempt to re-cast allegations of defamation and false light as claims of intentional infliction of emotional distress); *Hunt v. Wal-Mart*, No. CIVA1:04CV733WJGJMR, 2006 WL 231632, at *8 (S.D. Miss. Jan. 30, 2006) (highlighting the extreme nature of conduct that creates liability to intentional infliction of emotional distress and holding that "[e]mployment disputes including termination generally do not fall within this territory").  For these reasons, Plaintiff's claim for intentional infliction of emotional distress should be dismissed.

6.    <u>ERISA</u>

A plaintiff must exhaust her administrative remedies before she may pursue

an ERISA claim.  *Coop. Ben. Adm'rs, Inc. v. Ogden*, 367 F.3d 323, 336 (5th Cir.

2004).  Plaintiff has not made any allegation or other colorable showing that she

exhausted her administrative remedies under ERISA, nor does she argue that any

equitable exception applies.  *See, e.g.*, *McGowin v. ManPower Intern., Inc.*, 363 F.3d

556, 559-60 (5th Cir. 2004) (considering whether a failure to exhaust may be

excused).  Her ERISA claim should be dismissed.

7.    <u>FMLA</u>

"The statute of limitations for FMLA claims is three years for

willful violations, and two years for all other violations."  *Henson v. Bell Helicopter*

*Textron, Inc.*, 128 F. App'x 387, 392-93 (5th Cir. 2005).  Plaintiff contends that the

claims she added in her Amended Complaint [33] relate back to the filing of the

original Complaint [1] on August 29, 2023.  Am. Comp. [33] at 1.  Even if true, the

latest Plaintiff alleges that an FMLA violation occurred is July 1, 2021, over two

years before Plaintiff filed her Complaint [1], and she has not stated sufficient facts

to show that any FMLA violation was willful.  *See id.* at 29-30.

Plaintiff's FMLA claim arises out of Defendants' alleged failure "to inform

and provide timely, lawful information that she was entitled to take FMLA in order

to take care of her mother . . . ."  *Id.* at 29; *see also Steele v. Leasing Enters., Ltd.*,

826 F.3d 237, 248 (5th Cir. 2016) ("A negligent violation is not a willful violation,

and an unreasonable violation does not necessarily constitute a willful violation.").

13

Even construing the pleadings in a light most favorable to Plaintiff, the Court is unconvinced that these actions state anything more than merely negligent violations as "Plaintiff has not made any attempt to submit evidence or argument that Defendant[s'] failure to notify h[er] of h[er] FMLA rights was willful." *Tijerino v. Administrators of Tulane Educ. Fund*, No. CV 21-907, 2022 WL 17415075, at *2 (E.D. La. Dec. 5, 2022) (finding the plaintiff's claims time-barred because no willful FMLA violation existed where "Plaintiff allege[d] that Defendant violated the FMLA by failing to inform him of his rights under the FMLA when he discussed his wife's pregnancy and his need to work remotely with his supervisor"). This claim is time-barred and should be dismissed.

8.  <u>Mississippi and United States Constitutions</u>

To assert Due Process and Equal Protection claims under the Fourteenth Amendment, "the plaintiff must show that the defendant's challenged conduct constituted state action." *Caleb v. Grier*, 598 F. App'x 227, 233 (5th Cir. 2015). "While the Supreme Court has pronounced several legal tests for determining whether challenged conduct is state action, the core inquiry asks whether the deprivation of a federal right is fairly attributable to the State." *Id.* Here, Plaintiff has not attributed any of Defendants' actions to any government entity, and for that reason has not sufficiently pled Due Process and Equal Protection claims. *See generally* Am. Compl. [33]. Plaintiff's claims under the Mississippi Constitution are subject to dismissal for the same reason. *See Nat'l Collegiate Athletic Ass'n v. Farrar*, No. 2023-IA-00282-SCT, 2024 WL 5083735, at *4 (Miss. Dec. 12, 2024)

("[T]he Mississippi Constitution requires state action for due-process violations under Article 3, Section 14."); *Mississippi High Sch. Activities Ass'n, Inc. v. Coleman By & on Behalf of Laymon*, 631 So. 2d 768, 773 (Miss. 1994) ("Without state action, there can be no valid claim of unconstitutionality.").  These claims should be dismissed.

9.    <u>Leave to Amend</u>

   Plaintiff requests leave to amend should the Court find deficiencies in any of her claims.  Mem. [38] at 17.  The time for amendments has passed, *see* Case Management Order [21], so Federal Rule of Civil Procedure 16(b) governs whether leave should be granted, *Filgueira v. U.S. Bank Nat. Ass'n*, 734 F.3d 420, 422 (5th Cir. 2013).  Under Rule 16, leave to amend may be granted  "only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  To determine good cause under Rule 16(b)(4), four factors are relevant: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice."  *Filgueira*, 734 F.3d at 422.  When leave of the court is required for an amended pleading, "a proposed amended pleading must be an exhibit to a motion for leave to file the pleading[.]"  L.U. Civ. R. 15.

   Plaintiff's Response [37] makes no attempt to address any of the deficiencies highlighted by Defendants' Motion [34] and discussed in this Order.  *See* Mem. [38].  Nor has Plaintiff made any attempt to show good cause for an extension of the amendment deadline.  *See E.E.O.C. v. Serv. Temps Inc.*, 679 F.3d 323, 333-34 (5th

Cir. 2012) ("[A] party seeking to amend its pleadings after a deadline has passed must demonstrate good cause for needing an extension.").

But even if Plaintiff had attempted to explain her failure to timely seek leave to amend and show how her claims were not futile, the remaining factors do not favor permitting any further amendment, as Defendants would be prejudiced by the expense of further responding to these claims. And considering that Plaintiff has made no real effort to defend her insufficiently pled claims in her Response [37], *see* Mem. [38] at 8-9 ("Plaintiff's claims are grounded in violations of Title VII of the Civil Rights Act of 1964, the Equal Pay Act, and related federal employment laws."), another continuance would only further delay this case, waste judicial resources, and unnecessarily prejudice Defendants. Finally, Plaintiff has not attached a proposed amended complaint as required by the Local Rules.[4] *See* L.U. Civ. R. 15.

In sum, the Court does not find good cause to allow Plaintiff leave to further amend. The Court emphasizes that its Order has no impact on Plaintiff's Title VII, EPA, ADEA, FLSA, and wrongful termination claims.[5]

---

[4] To the extent Plaintiff may argue that the Court should grant leave because she is proceeding pro se, this status alone is not sufficient to ignore the pleading requirements. *See United States v. Jenkins*, 780 F.2d 518, 520 (5th Cir. 1986) ("[The plaintiff's] pro se status does not give him a privilege to ignore reason[a]ble court rules and procedures."); *Johnson v. Edwards*, No. 3:10CV73TSL-FKB, 2012 WL 399167, at *1 n.1 (S.D. Miss. Feb. 7, 2012), *aff'd*, 509 F. App'x 362 (5th Cir. 2013) ("Plaintiff's *pro se* status does not entitle her to a make a moving target of her claims in this case." (emphasis in original)). The Court also points out that it has already given significant deference to Plaintiff's pro se status in denying Defendants' Motion [5] to Dismiss the original Complaint [1] and their Motion [30] for Reconsideration of the Court's Text Only Order granting Plaintiff's Motion [29] to Amend. *See* Orders [20]; [32].

[5] While Defendants in their Reply [39] ask the Court to dismiss Plaintiff's FLSA and wrongful termination claims, *see* Reply [39] at 2 ("Defendants ask the Court to grant their Motion to Dismiss and to dismiss all claims other than those made in Plaintiff's initial Complaint."), they have not offered any argument as to those claims, and thus have not carried their burden to show why they should be dismissed, *see generally* Mem. [35]; Reply [39].

III.  <u>CONCLUSION</u>

To the extent the Court has not addressed any of the parties' remaining arguments, it has considered them and determined that they would not alter the result.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Defendants Morris Network of Mississippi, Inc., Morris Multimedia, Morris Network, Inc., and Morris Multimedia, Inc.'s Motion [34] to Dismiss is **GRANTED IN PART**, and Plaintiff Toni Miles Culumber's claims for false statements under 18 U.S.C. § 1001, Due Process and Equal Rights violations under the Mississippi and United States Constitutions, defamation, false light, fraud, misrepresentation, blacklisting, violations of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq., violations of the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601 et seq., and intentional infliction of emotional distress are **DISMISSED WITH PREJUDICE**.  The Motion [34] is otherwise **DENIED IN PART**, and Plaintiff's claims under Title VII, EPA, ADEA, FLSA, and for wrongful termination will proceed.

**SO ORDERED AND ADJUDGED**, this the 17th day of March, 2025.

*s/ Halil Suleyman Ozerden*

HALIL SULEYMAN OZERDEN
CHIEF UNITED STATES DISTRICT JUDGE